### IRVINE v. ANGUS et al.

(Circuit Court of Appeals, Ninth Circuit. May 23, 1899.)

No. 438.

On Petition for Rehearing. For former opinion, see 93 Fed. 629.

George W. Towle, Jr., for plaintiff in error.

Pierson & Mitchell and Garrett W. McEnerney, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. We are satisfied with the general views announced in our former opinion, and with the conclusion there reached, except in one particular, and that relates to the amount of the judgment which the circuit court should be directed to enter in favor of the plaintiff in error. The bill of exceptions recites that:

"It was admitted by defendants that the assessments mentioned in the complaint were, each and all, duly levied upon the shares of stock therein mentioned by said corporation, the Morgan Mining Company; * * * that each of said assessments was paid by Irvine from his own funds at the last moment that the same could be paid before the said shares would otherwise have been lawfully offered for sale."

In our former opinion we inadvertently assumed that the aggregate amount of the assessments so paid by Irvine was $15,190.06; that being the amount named in the prayer of the complaint, and for which judgment was demanded against the defendants in error. In the petition for rehearing our attention has been called to the fact that this amount is in excess of the aggregate of the sums alleged in the body of the complaint to have been paid by Irvine on account of such assessments, and therefore in excess of the amount admitted by the defendants in error to have been paid by him. This error, however, can be corrected by a modification of our former judgment, without granting the petition for a rehearing. The petition for a rehearing will therefore be denied, and our former judgment will be modified so as to read as follows: The judgment of the circuit court is reversed, and the cause remanded, with directions to that court to render judgment upon the admissions of the parties contained in the bill of exceptions, in favor of the plaintiff in error, for the sum of $11,527.80, with legal interest thereon from May 21, 1884, and costs.

ROSS, Circuit Judge (dissenting). I am unable to agree to the disposition of this case now made by the court. In the opinion heretofore delivered, we have treated the case as an action at law. In such a case there must be, as a basis for a judgment, a verdict of a jury, or, in the event a jury be waived by the parties, findings of fact by the court, unless there be an agreed statement of facts entered into by the parties in lieu of such findings. In the present case the court below made findings of fact, which this court held erroneous in an essential particular. The logical and necessary result of such holding is, in my opinion, the reversal of the judgment, and the remanding of the case to the court below for a new trial. I do not think this court is justified in looking to admissions made during the progress of the trial, embodied in the bill of exceptions, as a basis upon which to order judgment,—especially where, as here, those admissions are contradicted by the findings of fact made by the court below. I am therefore of opinion that the judgment should be reversed, and the cause remanded to the court below for a new trial.